IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CORNELL L. HESTER, | § | |
| | § | |
| Defendant Below, | § | No. 182, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 0912010604 |
| | § | 1002002758 |
| Appellee. | § | |

Submitted: June 10, 2022
Decided: July 22, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

**ORDER**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On May 27, 2022, the appellant, Cornell L. Hester, filed a notice of appeal from a Superior Court order dated April 14, 2022, and docketed April 19, 2022, that denied Hester's motion for "change of sentence for good cause shown." Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before May 19, 2022.

(2) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] The jurisdictional defect created by the untimely filing of a notice of

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3)     The Senior Court Clerk issued a notice directing Hester to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Hester states that he timely placed the notice of appeal into the prison mail system, but that the prison mailroom delayed sending it.  He also states that he is unskilled in the law and that the out-of-state prison where he is incarcerated does not maintain relevant Delaware legal materials.

(4)     Hester's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[3] " Unfortunately for [Hester], prison personnel are not court-related personnel, and Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing."[4]  Moreover, an appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule

---

[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] DEL. SUPR. CT. R. 10(a).
[4] *Schafferman v. State*, 2016 WL 5929953, at *1 (Del. Oct. 11, 2016).

2

6.[5] Because the record does not reflect that Hester's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

(5) This is Hester's tenth appeal to this Court involving these convictions and sentence. We warn Hester that if he continues to file appeals from repetitive claims, he will be enjoined from filing future appeals without leave of the Court.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[5] *Hughes v. State*, 2019 WL 1723098 (Del. Apr. 15, 2019). *See also Thomas v. State*, 2019 WL 5096075 (Del. Oct. 10, 2019) (dismissing untimely appeal despite appellant's assertion that "he had trouble accessing the law library at the out-of-state prison where he is being held and that the law library did not maintain relevant Delaware case law").